1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                       EASTERN DISTRICT OF CALIFORNIA

9

10

RICHARD MADDOX; KAREN ALEXANDROU;    )
11   TIEN HONG VO; THONG VO; NGAU        )
NGUYEN; and SONIA LUONG,             )
12                                        )      2:06-cv-0072-GEB-PAN (JFM)
                    Plaintiffs,       )
13                                        )      ORDER TO SHOW CAUSE
        v.                            )      AND CONTINUING STATUS
14                                        )      (PRETRIAL SCHEDULING)
COUNTY OF SACRAMENTO; COMMUNITY      )      CONFERENCE
15   PROSECUTION UNIT; JAN SCULLY;       )
CYNTHIA BESEMER; KAREN MAXWELL;      )
16   NATALIA LUNA; WILLIAM MOTMANS; and )
JAMES COOPER,                        )
17                                        )
                    Defendants.       )
18   _____)

19          The January 12, 2006, Order Setting Status (Pretrial

20   Scheduling) Conference ("January 12 Order") scheduled a status

21   conference in this case for April 17, 2006, and required the parties

22   to file a joint status report ("JSR") no later than fourteen days

23   prior to the scheduling conference.  The Order further required that a

24   status report be filed regardless of whether a JSR could be procured.[1]

25   _____

26        [1]    As the Order states:

27               The failure of one or more of the parties to
                 participate in the preparation of the Joint
28                                                    (continued...)

1

1    Plaintiffs and Defendant County of Sacramento ("the County") filed an

2    untimely JSR on April 4, 2006, in which they state "the remaining

3    Defendants have not yet been served."  (JSR at 2.)

4             Plaintiffs and the County are Ordered to Show Cause (OSC) no

5    later than 4:00 p.m. on April 24, 2006, why sanctions should not be

6    imposed against them and/or their counsel for the failure to file a

7    timely status report.  The written response shall state whether

8    Plaintiffs, the County, and/or their counsel are at fault and whether

9    a hearing is requested on the OSC.[2] If a hearing is requested, it

10   will be held on June 19, 2006, at 9:00 a.m., just prior to the status

11   conference, which is rescheduled to that date.

12            In accordance with the requirements set forth in the

13   January 12 Order, the parties shall file a JSR no later than June 5,

14   2006.  If the remaining Defendants have not been served with a copy of

15   /////

16   /////

17   /////

18   /////

19

20        [1](...continued)
          Status Report does not excuse the other

21        parties from their obligation to timely file
          a status report in accordance with this

22        Order.  In the event a party fails to
          participate as ordered, the party timely

23        submitting the status report shall include a
          declaration explaining why it was unable to

24        obtain the cooperation of the other party or
          parties.

25
     January 12 Order at 2 n.1.

26
          [2]    "If the fault lies with the attorney, that is where the

27   impact of sanction should be lodged.  If the fault lies with the
     clients, that is where the impact of the sanction should be

28   lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th
     Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the
     faults of attorneys, and their consequences, are visited upon
     clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

1  the January 12 Order, Plaintiffs shall serve them with a copy of it

2  and this Order immediately.

3  　　　　IT IS SO ORDERED.

4  Dated:  April 10, 2006

5

6  　　　　　　　　　　　　　/s/ Garland E. Burrell, Jr.
   　　　　　　　　　　　　　GARLAND E. BURRELL, JR.

7  　　　　　　　　　　　　　United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28