IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICHARD MADDOX, a natural person; KAREN ALEXANDROU, a natural person; TIEN HONG VO, a natural person; THONG VO, a natural person; NGAU THI NGUYEN, a natural person; and SONIA LUONG, a natural person,<br><br>    Plaintiffs,<br><br>        v.<br><br>COUNTY OF SACRAMENTO, a local government agency; JAN SCULLY, a natural person and the District Attorney for Sacramento County; CYNTHIA BESEMER, a natural person and Chief Deputy District Attorney for Sacramento County; KAREN MAXWELL, a natural person and Deputy District Attorney for Sacramento County; NATALIA LUNA, a natural person and Deputy District Attorney for Sacramento County; WILLIAM MOTMANS, a natural person and an investigator employed by the District Attorney for Sacramento County; and JAMES COOPER, a natural person and a captain of the Sacramento County Sheriff's Department,<br><br>    Defendants. | 2:06-cv-0072-GEB-EFB<br><br>ORDER |

1

1        On October 23, 2006, the parties filed a "Stipulation and
2 Order" ("Stipulation") in which they stipulate that all claims in the
3 Complaint asserted by plaintiffs Tien Hong Vo, Thong Vo, Ngau Thi
4 Nguyen, and Sonia Luong ("Homeowner Plaintiffs") be stayed and that
5 the claims made by "Richard Maddox and Karen Alexandrou be allowed to
6 proceed immediately but only against defendant County of Sacramento
7 and that an order permitting discovery issue forthwith . . . ."
8 (Stipulation at 2-3.)

BACKGROUND

10        Plaintiffs filed their Complaint on January 11, 2006.  An
11 Order issued on January 12, 2006, scheduling a status (pretrial
12 scheduling) conference ("status conference") for April 17, 2006.  That
13 status conference was continued to June 19, 2006, because no timely
14 joint status report was filed.  The June 19 status conference was
15 subsequently continued to September 25, 2006, because the Joint Status
16 Report ("JSR") submitted in advance of the June 19 status conference
17 "did not reflect the participation of all named Defendants."  (Order
18 at 1-2, June 12, 2006.)  The September 25 status conference was
19 continued to December 18, 2006, because the JSR the parties filed on
20 September 8, 2006, ("September 8 JSR") "reveal[ed] this action [was]
21 not ready for scheduling."  (Order at 2, Sept. 20, 2006.)  The
22 September 8 JSR indicated that the parties needed more time to propose
23 how severance of two separate lawsuits identified in that status
24 report should be accomplished.  The parties explained the separate
25 lawsuits as follows:

> [T]here are two separate law suits with separate
> claims alleged in Plaintiff's complaint.  The
> Plaintiffs in this case include individuals who
> owned or operated group homes for low income
> and/or disabled persons . . . .  These [Homeowner]
> Plaintiffs claim that their federal civil rights

2

>have been violated by the conduct of Sacramento County and its employees in the enforcement and prosecution of building, housing, and nuisance abatement codes.
>
>At this time, [Homeowner] Plaintiffs are Defendants in a criminal action in the Superior Court for the County of Sacramento . . . for code violations at the same property alleged in this federal case.
>
>Plaintiffs, Richard Maddox and Karen Alexandrou, on the other hand, are employees of Sacramento County . . . with knowledge of code enforcement activities of Sacramento County as it pertains to the [Homeowner] Plaintiffs. Maddox and Alexandrou have alleged employement [sic] discrimination and retaliation claims under state law, and federal constitutional claims under 42 U.S.C. § 1983 alleging that they have been discriminated and retaliated against as a result of opposing alleged wrongful conduct of employees of Sacramento County District Attorney's Office and Sacramento County Sheriff's Department.
>
>[The Homeowner Plaintiffs] and all Defendants have agreed that . . . the employment discrimination claims of Alexandrou and Maddox [should] be severed from the claims of the [Homeowner] Plaintiffs and tried separately. The parties will file a written stipulation staying the action and for severance.

(September 8 JSR at 4-5.)

### DISCUSSION

I. <u>Severance</u>

Although the parties stated in the September 8 JSR that they "[would] file a written stipulation staying the action and for severance[,]" the Stipulation appears to address bifurcation of the lawsuits under Rule 42, rather than severance under Rule 21. "Use of the term 'sever[ance]' suggests . . . separate actions under Rule 21 was intended," but here the parties appear to have used the term "loosely . . . to refer to separation of issues for trial under Rule 42(b)." <u>Hebel v. Ebersole</u>, 543 F.2d 14, 17 (1976). Nevertheless, it will be decided sua sponte whether Maddox and Alexandrou's claims

3

should be severed from the Homeowner Plaintiffs' claims under Rule 21, because the parties' Stipulation indicates Maddox and Alexandrou desire to proceed immediately with litigation of their claims to appealable judgment, whereas the Homeowner Plaintiffs seek to await the outcome of the criminal proceedings before they litigate their claims.  See <u>United States v. Nat'l R.R. Passenger Corp.</u>, 2004 WL 1335723, at *6 (E.D. Pa. June 15, 2004) ("Rule 21 permits a court to sever claims sua sponte."); <u>Official Comm. of Unsecured Creditors v. Shapiro</u>, 190 F.R.D. 352, 355 (E.D. Pa. 2000) ("Rule [21] explicitly provides authority to sever parties sua sponte . . . .). "As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." <u>Gaffney v. Riverboat Services of Indiana</u>, 451 F.3d 424, 441 (7th Cir. 2006).

The Court has broad discretion in determining whether to order severance under Rule 21.  See <u>Brunet v. United Gas Pipeline Co.</u>, 15 F.3d 500, 505 (5th Cir. 1994) (stating "[t]he trial court has broad discretion to sever issues"); <u>Williams v. Felker</u>, 2006 WL 495994, at *1 (E.D. Cal. March 1, 2006) (stating that under Rule 21, "courts have broad discretion regarding severance"); <u>Grigsby v. Kane</u>, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) ("stating "the court has virtually unfettered discretion in determining whether or not severance is appropriate"); <u>see also</u> 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1689 (3d ed. 2001) ("Questions of severance are addressed to the broad discretion of the district court."). Claims being severed must be "discrete and separate . . . ." <u>Rice v. Sunrise Express, Inc.</u>, 209 F.3d 1008, 1016 (7th Cir. 2000).  Further, "[f]airness is a critical consideration in

4

determining whether severance is appropriate[,]" and therefore it must be determined whether any party would suffer prejudice. Pena v. McArthur, 889 F. Supp. 403, 407 (E.D. Cal. 1994).

Here, the parties "agree that there are two separate law suits with separate claims alleged in Plaintiff's [sic] complaint." (September 8 JSR at 4.) The parties explained that one lawsuit belongs to the Homeowner Plaintiffs, who claim "their federal civil rights have been violated by the conduct of Sacramento County and its employees in the enforcement and prosecution of building, housing, and nuisance abatement codes"; the other lawsuit belongs to Maddox and Alexandrou, who "allege[] employement [sic] discrimination and retaliation claims . . . ." (Id.)

The parties have acknowledged that allowing these two lawsuits to proceed independently will not cause any prejudice: "Because the actions pleaded by plaintiffs Maddox and Alexandrou . . . may proceed on their own merits regardless of the outcome of the criminal matter, the parties have agreed that proceeding with the prosecution of the claims of plaintiffs Maddox and Alexandrou would benefit everyone concerned and would avoid any prejudice that might be caused by further delay." (Stipulation ¶ 3.) Further, the parties in the Maddox and Alexandrou lawsuit appear concerned that if they are not allowed to proceed independently with their claims they could suffer prejudice because "there has been no discovery order in this case and [they] have not proceeded with discovery."[1] (Id. ¶ 2.)

---

[1] This portion of the Stipulation indicates it is incumbent upon the Court to issue "an order permitting discovery" before parties may commence discovery. (Stipulation at 3.) However, Rule 26(a)(1) permits parties to stipulate to a date for initial disclosures. See Fed. R. Civ. P. 26(a)(1) ("[Initial] disclosures must be made at or
(continued...)

1    Since the parties agree that Maddox and Alexandrou's claims
2 are separate from the Homeowner Plaintiffs' claims, and that allowing
3 Maddox and Alexandrou to proceed separately from the Homeowner
4 Plaintiffs will not prejudice any party, all of Maddox and
5 Alexandrou's claims are severed from the Complaint.
6    Evaluation of Maddox and Alexandrou's severed claims reveals
7 they are all premised on state law, and thus do not present a federal
8 question. (Compl. ¶¶ 85-92, 117-121, 144-147.)  Although the Complaint
9 states "[t]his is an action arising under the Constitution, laws, or
10 treaties of the United States[,]" that statement concerns Homeowner
11 Plaintiffs' federal claims.  (Id. ¶ 15.)  The Homeowner Plaintiffs'
12 federal claims are premised on the Fair Housing Act ("FHA") and
13 section 1983, and purport to be class claims brought by "all
14 plaintiffs . . . ." (Compl. at 15, 19.)  However, Maddox and
15 Alexandrou have not alleged sufficient facts showing they have
16 standing to bring these claims.
17    Standing is raised sua sponte because "federal courts are
18 required sua sponte to examine jurisdictional issues such as
19 standing." B.C. v. Plumas Unified School Dist., 192 F.3d 1260, 1264
20 (9th Cir. 1999).  When a claim is purportedly a class claim, the
21 "named plaintiffs who represent a class 'must allege and show that
22 they personally have been injured, not that injury has been suffered
23 by other, unidentified members of the class to which they belong and
24 which they purport to represent.'" Lewis v. Casey, 518 U.S. 343, 357

---

28    ¹(...continued)
within 14 days after the Rule 26(f) conference <u>unless a different time is set by stipulation</u> or court order . . . ." (emphasis added)).

(1996) (quoting <u>Simon v. E. Ky. Welfare Rights Org.</u>, 426 U.S. 26, 40 n.20 (1976)).

The FHA and section 1983 claims both allege that Defendants unlawfully discriminated against Plaintiffs "because of a handicap of a person residing in or intending to reside in a dwelling after it was rented or otherwise made available to that person by the plaintiffs . . . ." (Compl. ¶¶ 58, 94.) Neither Maddox nor Alexandrou are included in the list of named Plaintiffs who operate "a group home . . . for the benefit of disabled or low income persons . . . ." (Compl. ¶ 17.) Since these Plaintiffs have not pled that they are among the Plaintiffs who "rented or otherwise made available" a dwelling to handicapped individuals, they have not alleged that they suffered the injuries identified in these federal claims. Therefore, these Plaintiffs have only pled state claims, which include employment discrimination under Cal. Gov. Code § 12940(i), defamation and negligence. (Compl. ¶¶ 85-92, 117-121, 144-147.)

II. <u>Dismissal under 28 U.S.C. § 1367(c)</u>

Before giving Maddox and Alexandrou's severed action its own action number, the discretionary decision will be made whether supplemental jurisdiction should continue being exercised over their lawsuit. This decision is made under 28 U.S.C. §§ 1367(c)(2) and (3), and "is informed by the [<u>United Mine Workers v. Gibbs</u>, 383 U.S. 715,(1966)] values of economy, convenience, fairness, and comity." <u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quotation marks omitted). "In the usual case in which all federal-law claims are eliminated . . . , the balance of factors to be considered . . . will point toward declining to exercise jurisdiction

over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Wade v. Regional Credit Assoc., 87 F.3d 1098, 1101 (9th Cir. 1996). The Gibbs values of comity and fairness do not weigh in favor of the federal court deciding Maddox and Alexandrou's state employment discrimination and tort claims, because as stated in Gibbs: "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." 383 U.S. at 726.

Therefore, Maddox and Alexandrou's claims are dismissed under the rationale of §§ 1367(c)(2) and (3) as of the date on which this Order is filed.[2]

III. Stay

Lastly, the Homeowner Plaintiffs' request to stay this action is granted and the status conference scheduled for December 18, 2006, is vacated. The parties shall file a joint status report no later than January 3, 2007, in which they need only explain whether the stay should be lifted. If the parties opine the stay should not be lifted, they shall explain why not and the approximate date on which it could be lifted; if the parties opine the stay should be lifted, they shall propose a schedule.

IT IS SO ORDERED.

DATED: November 3, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] Hereinafter, the caption of this action shall not name dismissed Plaintiffs Richard Maddox and Karen Alexandrou as parties.

8