```
```
```
```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIEN HONG VO, et al.,

    Plaintiffs,           No. CIV S-06-00072 GEB EFB

  vs.

JAN SCULLY, et al.,

    Defendants.      <u>ORDER</u>

_____/

    On January 9, 2007, plaintiffs filed an ex parte motion for a protective order pursuant to Fed. R. Civ. P. 26. The court construed the supporting affidavits for that motion as an application for an order shortening time and granted such application, specially setting the motion for hearing on January 10, 2007.[1] Anthony Palik appeared as counsel for plaintiffs, and John A. Lavra appeared as counsel for defendants.

////

////

////

---

[1] Although, in their briefing, plaintiffs also styled the motion as an application for a temporary restraining order, the court construes the motion simply as a motion for a preservation order.

1

Plaintiffs allege in the motion, and in the accompanying affidavit of Richard Maddox,[2] that the County of Sacramento uses two computer management agencies to maintain, store and retrieve electronic data from its employees' computers: (1) the Municipal Services Agency Management Information System (MSA/MIS) and (2) the Office of Communications and Information Technology (OCIT). Maddox Decl., at ¶ 2. According to plaintiffs, all electronic data that is deleted by county employees is stored on back-up media (discs or tapes), that is preserved for only one year, and then is deleted as a matter of county policy. *Id*. at ¶ 3. Thus, for example, information backed-up onto the tapes on January 10, 2006, would be deleted, destroyed, or erased on January 10, 2007.

Plaintiffs believe there may be relevant, discoverable information stored on back-up tapes currently held by the county from January 10, 2006 (one day before the action was filed) through February 10, 2006. Maddox Decl. , at ¶¶ 3-4; Declaration of Anthony J. Palik ("Palik Decl."), at ¶ 5. More precisely, plaintiffs are concerned that there may be relevant electronic data, including e-mails, draft correspondence and memoranda, concerning county employees who are potential witnesses in the case, and that such data may be destroyed in the normal course of business as the back-up tapes are deleted. *Id.* Plaintiffs seek an order to preserve intact any and all back-up media presently in existence that contains the contents of any and all servers of the computer networks operated by MSA/MIS and OCIT, from January 10, 2006 through February 10, 2006.[3]

---

[2] The Principal Code Enforcement Officer for the County of Sacramento's Municipal Services Agency and its Department of Planning and Community Development. *See* Declaration of Richard Maddox ("Maddox Decl."), at ¶ 1.

[3] These dates were proffered as a parameter by Mr. Palik at the hearing. It is the court's understanding – and Mr. Lavra may provide evidence to the contrary – that all of the County's electronic data from employee computers (save those in the District Attorney Office and Sheriff's Department, which have separate information systems) is backed up and saved for one year. It is also the court's understanding, based on the Maddox declaration and Mr. Palik's representations that this information is accessible on back-up tapes or disks, which are organized by date.

1  At the hearing, plaintiffs clarified that they do not seek production of the back-up media
2  at this time.  Rather, they simply seek an order to prevent destruction or erasure of the back-up
3  tapes.  Counsel for defendants was unable to confirm that county data is stored in the way
4  described by plaintiff's counsel and Mr. Maddox, or to otherwise provide information as to the
5  burden of setting aside the relevant back-up tapes, if such tapes in fact exist.
6  In light of the foregoing, the court hereby issues this interim order to maintain the status
7  quo and prevent MSA/MIS and OCIT from deleting or otherwise destroying the tapes (if in fact
8  such tapes, or discs, or similar back-up media exist) that preserve electronic data from January
9  10, 2006 to February 10, 2006[4] pending the hearing set for January 24, 2007, at 10:00 a.m.  This
10 order is subject to reconsideration at the hearing to be held at 10:00 a.m. on January 11, 2007.
11 IT IS SO ORDERED.
12 DATED:  January 10, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent these tapes containing data from January 10, 2006, have not been erased or destroyed at the time of this order, they shall be preserved.

3