IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MADDOX, et al.,

      Plaintiffs,                            No. CIV S-06-0072 GEB EFB

      vs.

COUNT OF SACRAMENTO, et al.,        ORDER

      Defendants.

_____/

      This case was before the undersigned on July 23, 2008, for hearing on defendants' motion to compel responses to requests for production of documents and interrogatories. Amanda Butts and Van Longyear appeared as defense counsel, and Anthony Palik appeared as plaintiffs' counsel. Plaintiff Richard Maddox also made an appearance.

      Defendants filed this motion to compel on July 2, 2008, pursuant to Fed. R. Civ. P. 37(a)(B) and Local Rule 37-251(e). Local Rule 37-251(e) provides that the moving party need not prepare a joint statement "when there has been a complete and total failure to respond to a discovery request or order." In lieu of the joint statement, that rule provides that the aggrieved party may simply file a motion. The responding party must then file a response no later than five

////

////

1

court days before the hearing. In this case, defendants filed their motion and supporting brief and declaration on July 2, 2008.[1]

In the supporting brief and declaration, defendants explain that they served each plaintiff with interrogatories and requests for production of documents on March 26, 2008. *See* Declaration of Jeri L. Pappone in Support of Defendants' Motion to Compel Discovery Responses ("Pappone Decl."), ¶ 2 (doc. no. 84-2). Pursuant to the Federal Rules of Civil Procedure, plaintiffs' responses thereto were due within thirty days from the date the discovery was served. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Defense counsel declares that the parties mutually agreed to extend the time to respond by more than a month to June 6, 2008.[2] Pappone Decl., ¶ 3. Defense counsel stated that as of the date of the motion, she had not received any responses to the interrogatories, or responses to the requests for production served on plaintiffs Tien Hong Vo, Thong Vo, Ngau Thi Nguyen, or Sonia Luong. *Id.*, ¶ 3.

Although plaintiffs' counsel claims he produced over 9,000 pages of documents on June 26, 2008, he does not explain how this was a timely production, either within the meaning of the Federal Rules or defendants' extension of the thirty-day deadline. Moreover, a general production of a large number of documents is not necessarily responsive to individual Rule 34 requests. *See* Fed. R. Civ. P. 34(b)(2)(B) (requiring the responding party to provide individualized responses for each item requested).

////

---

[1] Plaintiffs filed an untimely opposition on July 18, 2008. Despite its untimeliness, the court has considered it in light of plaintiffs' counsel's confusion over the court's briefing order.

[2] At the hearing, plaintiffs' counsel asserted that he knew nothing about the June 6, 2008, extension. If accurate, the position taken by plaintiff is curious. Without the extension, plaintiffs' responses would have been due at the end of April. Nonetheless, at the hearing, plaintiffs' counsel seemed to argue that his production of 9000 documents on June 26 – two months after the original due date – was timely. The untimely production, together with counsel's seemingly misleading representations at the hearing, are wholly inappropriate. Furthermore, the fact that plaintiffs have grievances regarding allegedly outstanding discovery from defendants does not entitle plaintiffs to ignore the Federal Rules of Civil Procedure.

1    At the hearing, defense counsel informed the court that it had since reviewed the
document production and indicated that their motion was moot as to the requests for production
of documents.  As to the interrogatories, however, defense counsel indicated that plaintiffs'
untimely responses, which were served on July 16, 2008 – almost three months after they were
originally due – were deficient because the plaintiffs did not serve individualized responses
thereto.[3]  The court admonishes plaintiffs' counsel to read and comply with Fed. R. Civ. P. 33(b)
(requiring each interrogatory to be answered separately and signed by the person responding to
them).  In accordance with the foregoing, defendants' July 2, 2008, motion is granted as to the
interrogatories.  Plaintiffs were ordered at the hearing to provide verified responses to the
interrogatories by July 25, 2008.  That order stands.

SO ORDERED.

DATED:  August 6, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Defense counsel also indicated that plaintiffs' counsel took it upon himself to redraft the interrogatories, and provided answers based on his revised versions.

3