IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MADDOX, et al.,

    Plaintiffs,                              No. CIV S-06-0072 GEB EFB

    vs.

COUNTY OF SACRAMENTO, et al.,       ORDER

    Defendants.
_____/

        The hearing scheduled for October 22, 2008, on plaintiffs' motion for discovery filed September 10, 2008, is vacated and plaintiffs' motion denied without prejudice to its renewal consistent with the meet and confer requirements of the Local Rules.

        The "Requirement of Conferring" before a discovery dispute will be heard in this court is set forth at E. D. Cal. L. R. 37-251(b), which provides in pertinent part (emphasis added):

> [A] motion made pursuant to Fed. R. Civ. P. 26 through 37 . . . **shall not be heard unless (1) the parties have conferred and attempted to resolve their differences**, and (2) the parties have set forth their differences and the bases therefor in a joint statement re discovery disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.

////

The local rules further provide that, "If the moving party is still dissatisfied after the conference of counsel, that party shall draft, with the participation of the other interested parties, and shall file a document entitled "Joint Statement re Discovery Disagreements[]" . . . which shall specify with particularity the following matters: (1) The details of the conference or conferences . . . ."

The 227-page joint statement filed in this matter on October 15, 2008, provides in pertinent part:

> Defendants contend that there has been no meet and confer nor any attempt by plaintiffs to meet and confer with defendants regarding plaintiffs' discovery disputes. . . . Plaintiffs dispute this contention and maintain that the "meet and confer" requirement was satisfied by them in late June and early July of this year, just prior to the time they made their first attempt to compel the responses requested by them herein.

Jt. Stmt. at p. 3.

Plaintiffs' counsel filed a declaration, without exhibits, that sets forth his unacceptably general recollection of the parties' efforts to resolve their discovery disputes:

> In addition to the numerous correspondence exchanged between counsel in this lawsuit, sometime on an afternoon during the week of July 7, 2008, I recall meeting and conferring by telephone with attorney for Defendants, Van Longyear, in regard to the matters that are the subject of the present discovery dispute: namely the plaintiffs' requests for production and interrogatories. I also remember being unsatisfied with their lack of responsiveness and informing him of our intention to proceed with a motion to compel their clients' responses. Therefore, I can certify that, pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, the plaintiffs have satisfied that rule's "meet and confer" requirements in regard to the present discovery dispute.

Aff. of Anthony J. Palik, at ¶ 2.

In response, defendants' counsel (Amanda Butts, not Van Longyear) has filed objections asserting the failure of plaintiffs' counsel adequately to meet and confer, and the inclusion in the joint statement of material plaintiffs' counsel did not have an opportunity to review.

The instant discovery dispute involves more than 80 production requests and more than 50 interrogatories. Thus, the parties seek this court's resolution of more than 130 items without first making the required effort to resolve their differences and reasonably narrow the matters

brought before the court.

Accordingly, it is hereby ORDERED that plaintiffs' motion for discovery (Dckt. No. 113) is denied without prejudice to its renewal consistent with the meet and confer requirements of the Local Rules.   The hearing scheduled for October 22, 2008 is hereby VACATED.

SO ORDERED.

DATED:  October 20, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3